

# IN THE
# TENTH COURT OF APPEALS

_____

### No. 10-14-00355-CV

**WILLIAM M. WINDSOR,**

**Appellant**

**v.**

**SAM ROUND,**

**Appellee**

### No. 10-14-00___-CV

**WILLIAM M. WINDSOR,**

**Appellant**

**v.**

**SEAN D. FLEMING,**

**Appellee**

_____

**From the 40th District Court**
**Ellis County, Texas**
**Trial Court No. 88611**

## O R D E R

William M. Windsor has filed a notice of appeal from an order that granted a motion to dismiss filed by Sean D. Fleming. The motion was based on the Texas

Citizens Participation Act (TCPA), generally referred to as the Texas Anti-Slapp law. "Slapp" is an acronym for "strategic lawsuits against public participation."

Windsor had previously filed a notice of appeal of an order granting the Special Appearance of another defendant in the same suit, Sam Round. The appeal from the order granting the special appearance is docketed as 10-14-00355-CV.

Our first question is whether to file the appeal of the Anti-Slapp dismissal in the same proceeding as the appeal of the special appearance.

Texas Rule of Appellate Procedure 12 describes some of the duties of the appellate court clerk. Included in the rule is an extensive description of the procedure for assigning docket numbers to appeals. Rule 12.2(c) provides:

> Multiple Notices of Appeal. –All notices of appeal filed in the same case must be given the same docket number.

TEX. R. APP. P. 12.2(c).

A literal application of the rule would potentially require both notices of appeal to be filed under the same number. Such a reading would require that same docket number be assigned to an appeal of the final judgment as had been assigned to an interlocutory appeal. This is because the interlocutory appeal and the appeal of the final judgment are both filed in the "same" case.

However, it is common, if not the usual, practice for appellate court clerks to assign one docket number to the interlocutory appeal and an entirely new docket number to the appeal of a final judgment. Moreover, it would be unwieldy to have to

Windsor v. Fleming                                                                                           Page 2

use a docket number for the appeal of the final judgment that had been previously used for an interlocutory appeal when the interlocutory appeal has been concluded and the file closed. The same problem would be present if a final judgment were reversed on appeal and remanded for a new trial if there were an appeal after the new trial on remand.

Thus, we decline a literal application of Rule 12.2(c) as it would yield an absurd result to construe and apply the term "same case" in this manner on these facts. Furthermore, to the extent necessary, we use Rule 2 to suspend Rule 12.2(c) for good cause as described herein and order a different procedure. *See* Tex. R. App. P. 2; 12.2(c).

The Clerk is hereby ordered to docket William M. Windsor's notice of appeal of the order granting Sean D. Fleming's motion to dismiss as a new and separate appeal, styled *William M. Windsor v. Sean D. Fleming* as distinguished from docket number 10-14-00355-CV, styled *William M. Windsor v. Sam Round*.

PER CURIAM

Before Chief Justice Gray,
    Justice Davis, and
    Justice Scoggins
Order issued delivered and filed December 18, 2014
Publish

