

# IN THE
# TENTH COURT OF APPEALS

---

## No. 10-17-00245-CV

## EX PARTE ULLJA KUNTZE

---

## Original Proceeding

---

## ORDER

---

Ullja Kuntze has challenged the trial court's determination that she is not unable to pay court cost. She first filed a motion with supporting documentation which explained her complaint about the trial court's determination. Because she had already appealed an adverse judgment on the merits of the underlying proceeding, Kuntze put the docket number for the direct appeal on her motion (10-17-00225-CV). The Texas Rules of Civil Procedure, however, specify that this Court will review that determination upon the filing of a "motion" with this Court. TEX. R. CIV. P. 145(g). Additionally, and because the design of the rule clearly anticipates that the "motion" will normally be reviewed while the proceeding remains pending in the trial court, this Court filed the "motion" and assigned a different docket number to it (10-17-00245-CV) rather than filing the

"motion" in the pending proceeding for which the appeal of the merits had already been filed.[1] We characterized the "motion" pursuant to Rule 145 (g)(1), as an original proceeding because we had not fully determined the nature of the proceeding but noted that it had certain characteristics of an original proceeding, possibly even a mandamus proceeding.

As indicated, Rule 145 implies that upon the filing of the "motion," this Court will proceed to review the determination of the trial court that a litigant is not unable to pay court cost. The rule does not specify the need for a notice of appeal to invoke our jurisdiction to conduct this review. *Id.* Nevertheless, Kuntze subsequently filed a notice of appeal specifically to complain about the trial court's determination that she was not unable to pay court cost. Realizing that Kuntze had already filed a "motion," as described by the rule, the Court filed the notice of appeal in the same docket number as the Court has filed the "motion" which makes the same complaint.

The Court had previously questioned its jurisdiction in this proceeding based on the lack of a written order. That issue may be important in the event this is considered an appeal, but a docket notation may be adequate if this proceeding is more akin to a mandamus proceeding. This issue has not yet been addressed by any party.

The Court now additionally questions whether it has jurisdiction of this proceeding due to an entirely different concern. As an appeal, for which our jurisdiction

---

[1] There was some initial confusion about where to file the motion but ultimately it was filed in a separate proceeding from the direct appeal. Other issues were raised in the motion so it was also filed in the direct appeal.

could possibly be based on either (1) the notice of appeal or (2) the "motion," our review would normally be as in an interlocutory appeal. It would normally be an interlocutory appeal because the rule presumes the underlying trial court proceeding would remain pending while the issue of the ability of a litigant to pay cost, including the filing fee, is determined. On this presumption, the Court has what would be an interlocutory order that is to be reviewed on the filing of the "motion" required by the rule.

The Court questions whether the Texas Supreme Court, by rule, may authorize an interlocutory appeal and give an intermediate appellate court jurisdiction to review such an order that is not part of a direct appeal. Additionally, the Court questions whether, in the procedural posture of this proceeding, the Court has jurisdiction to review the "motion" as an independent appeal, interlocutory or not, based on Texas Rule of Appellate Procedure 12.2(c), which requires the clerk to assign the same docket number to each notice of appeal from the same trial court proceeding. TEX. R. APP. P. 12.2(c). *But see Windsor v. Round*, 532 S.W.3d 825 (Tex. App.—Waco 2014, order) (court recognizes instances when separate proceedings are docketed from the same trial court proceeding).

Alternatively, if the Court properly docketed the "motion" as an original proceeding, it is difficult to review this ruling on the "motion" which does not fit the traditional format, either substantively or procedurally, of a petition for writ of mandamus or any other original proceeding of which we are aware. Thus, the Court questions whether it is an original proceeding over which the legislature has given this Court jurisdiction, as well as the alternative of whether the Texas Supreme Court has the authority to give this Court jurisdiction to review the order via a "motion" filed in this

Court by way of an original proceeding.

Therefore, the Court questions whether it has jurisdiction of this proceeding as well as what the proper characterization of this proceeding is and the manner in which the Court is to review the ruling at issue. Any party to this proceeding, the trial court clerk and court reporter, or the trial court may file a response that addresses this Court's jurisdiction. The response, if any, must be filed within 21 days from the date of this order. Any of the designated persons may file a reply to any other designated person's response within 7 days of the date the response is filed.

If a response is not filed which explains how this Court has jurisdiction to review the "motion" as described herein, this proceeding will be dismissed.

PER CURIAM

Before Chief Justice Gray,
 Justice Davis, and
 Justice Scoggins
Response requested
Order issued and filed June 27, 2018

