

IN THE
TENTH COURT OF APPEALS

No. 10-17-00245-CV

EX PARTE ULLJA KUNTZE

Original Proceeding

# OPINION

Ullja Kuntze has challenged the trial court's determination that she is not unable to pay court cost. TEX. R. CIV. P. 145.[1] She first filed a motion with supporting documentation which explained her complaint about the trial court's determination. Because she had already appealed an adverse judgment on the merits of the underlying proceeding, Kuntze put the docket number for the direct appeal on her motion (10-17-00225-CV). The Texas Rules of Civil Procedure, however, specify that this Court will review that determination upon the filing of a "motion" with this Court. TEX. R. CIV. P.

---

[1] The Court has already determined Kuntze is unable to pay appellate court cost in this proceeding. TEX. R. CIV. P. 145(g) ("The declarant is not required to pay any filing fees related to the motion in the court of appeals.").

145(g). The design of the rule clearly anticipates that the "motion" will normally be reviewed by an appellate court while the proceeding remains pending in the trial court. Therefore, this Court filed the "motion" and assigned a different docket number to it (10-17-00245-CV) rather than filing the "motion" in the pending proceeding for which the appeal of the merits had already been filed.[2] We characterized the "motion" pursuant to Rule 145 (g)(1), as an original proceeding because we had not fully determined the nature of the proceeding but noted that it had certain characteristics of an original proceeding, possibly even a mandamus proceeding.

As indicated, Rule 145 implies that upon the filing of the "motion," this Court will review the determination of the trial court that a litigant is not unable to pay court cost. The rule does not specify the need for a notice of appeal to invoke our jurisdiction to conduct this review. *Id.* Nevertheless, Kuntze filed a notice of appeal specifically to complain about the trial court's determination that she was not unable to pay court cost. Realizing that Kuntze had filed a "motion," as described by the rule, the Court filed the notice of appeal in the same docket number as the "motion" which makes the same complaint.

The Court had previously questioned its jurisdiction in this proceeding based on the lack of a written order. That issue may be important in the event this is considered an appeal; but a docket notation may be adequate if this proceeding is more akin to a

---

[2] There was some initial confusion about where to file the motion but ultimately it was filed in a separate proceeding from the direct appeal. Other issues were raised in the motion so it was also filed in the direct appeal.

mandamus proceeding. This issue has not yet been addressed by any party, and based on our disposition herein, it is irrelevant.

The Court then questioned whether it had jurisdiction of the proceeding due to an entirely different concern. As an appeal, for which our jurisdiction could possibly be based on either (1) the notice of appeal or (2) the "motion," our review would normally be as in an interlocutory appeal because normally, the motion would be filed while the trial court proceeding remained pending in the trial court.

The Court questioned whether the Texas Supreme Court, by rule, may authorize an interlocutory appeal and give an intermediate appellate court jurisdiction to review an interlocutory order as a separate appellate court proceeding. Additionally, the Court questioned whether, in the procedural posture of this particular proceeding, the Court had jurisdiction to review the "motion" as an independent appeal, interlocutory or not, based on Texas Rule of Appellate Procedure 12.2(c), which requires the clerk to assign the same docket number to each notice of appeal from the same trial court proceeding. TEX. R. APP. P. 12.2(c). *But see Windsor v. Round*, 532 S.W.3d 825 (Tex. App.—Waco 2014, order) (court recognizes instances when separate proceedings are docketed from the same trial court proceeding).

Alternatively, if the Court properly docketed the "motion" as an original proceeding, we acknowledged certain difficulties in our ability to review the trial court's ruling via the "motion" which does not fit the traditional format, either substantively or procedurally, of a petition for writ of mandamus or any other original proceeding of which we are aware and of which the legislature has given this intermediate appellate

court jurisdiction. *See* TEX. GOV'T CODE ANN. § 22.221 (West 2013). Thus, the Court questioned whether the "motion" was an original proceeding over which the legislature had given this Court jurisdiction, as well as the alternative of whether the Texas Supreme Court had the authority to give this Court jurisdiction to review the order via a "motion" filed in this Court by way of an original proceeding.

Based on the nature of the issue, the Court invited responses from Kuntze, the real parties in interest, the trial court clerk and reporter, as well as the trial court judge.

Kuntze responded but provided no authority or support for the argument that this court has jurisdiction, either as a separate appeal or as an original proceeding, over her complaint that the trial court erred in its determination that Kuntze is not unable to pay court cost.

Accordingly, because the Court has determined that it does not have jurisdiction, this proceeding is dismissed.

TOM GRAY<br/>Chief Justice

Before Chief Justice Gray,
    Justice Davis, and
    Justice Scoggins
Proceeding dismissed
Opinion delivered and filed August 29, 2018
OT06

