

# IN THE
# TENTH COURT OF APPEALS

_____

## No. 10-14-00355-CV

WILLIAM M. WINDSOR,

                                                             **Appellant**

v.

SAM ROUND,

                                                             **Appellee**

_____

## No. 10-15-00069-CV

WILLIAM M. WINDSOR,

                                                             **Appellant**

v.

KELLIE McDOUGALD,

                                                             **Appellee**

_____

## No. 10-15-00092-CV

WILLIAM M. WINDSOR,

                                                             **Appellant**

 v.

JOEYISALITTLEKID, ET AL.,

                                                             **Appellees**

## OPINION

William M. Windsor is the appellant and represents himself in all three of these appeals. All three of these appeals arise from the same underlying trial court case in which Windsor, the plaintiff, also represented himself. Each appeal was separately docketed in this Court for the reasons set forth in *Windsor v. Round*, 532 S.W.3d 825 (Tex. App.—Waco 2014, order) (per curiam). Nevertheless, we will address all three of these appeals together in this opinion.

**Background**

- **December 26, 2013** – Windsor filed his original petition in the underlying case against Joeyisalittlekid, Joeyisalittlekid.blogspot.com, Sean D. Fleming, Sam Round, and several other defendants. Windsor asserted in the pleading that his own residence was located in South Dakota. Windsor further asserted that Joeyisalittlekid.blogspot.com is an entity whose address is Google's California address and that Round's residence is located in Georgia. The case was assigned to the 40th District Court of Ellis County. The presiding judge of the 40th District Court is the Honorable Bob Carroll.

- **January 15, 2014** – Windsor filed his first amended petition in the underlying case against Joeyisalittlekid, Joeyisalittlekid.blogspot.com, Fleming, Round, and the other defendants. In this amended pleading, Windsor added Kellie McDougald

and several others as defendants. Furthermore, as in his original petition, Windsor again asserted in his first amended petition that his own residence was located in South Dakota, that Joeyisalittlekid.blogspot.com is an entity whose address is Google's California address, and that Round's residence is located in Georgia.

Windsor then alleged in his first amended petition as follows: Windsor founded an organization called "Lawless America" and developed a website for it. Windsor "publishes an online magazine, produces and hosts a radio show, and has been producing and directing a documentary film about injustices of various types." In December 2012, Windsor became aware of Joeyisalittlekid.blogspot.com. Joeyisalittlekid.blogspot.com was originally "an online gathering place" for a group of people who disliked a man named Joey Dauben. The group turned its attention to Windsor, however, after members of the group learned that Dauben's girlfriend and family had approached Windsor to "do some filming" about Dauben's story. Members of the group, including Fleming, Round, McDougald, and the other defendants, began posting alleged defamatory content about Windsor. Windsor claimed that the actions of Fleming, Round, McDougald, and the other defendants constituted libel and defamation, defamation per se, slander, slander per se, intentional infliction of emotional distress, tortious interference with contract or business expectancy, tortious interference with a prospective business relationship, invasion of privacy by misappropriation, invasion of privacy, civil conspiracy, and stalking.

- **January 21, 2014** – Fleming filed his original answer and special exceptions to Windsor's petition. Fleming denied all of Windsor's allegations.

- **February 5, 2014** – Windsor filed a "Motion for Continuance on Special Exceptions Filings." Windsor asserted in the motion that "Google, Inc. and various defendants" had filed special exceptions and that a hearing on Google, Inc.'s special exceptions had been set for February 24, 2014. Windsor requested "a continuance of that hearing as well as a continuance on any hearings on special exceptions until needed discovery [could] be obtained." In this motion, Windsor began providing a Texas address for himself.

- **February 21, 2014** – McDougald filed a *pro se* original answer and special exceptions to Windsor's petition. McDougald denied all of Windsor's allegations.

- **February 24, 2014** – Round filed a *pro se* "Original Answer and Special Exceptions to Plaintiff's Petition." Although not stated in the title, Round made a special appearance in the substance of this document because he challenged the trial court's personal jurisdiction over him. *See* TEX. R. CIV. P. 120a; *Hall v. Hubco, Inc.*, 292 S.W.3d 22, 35 (Tex. App.—Houston [14th Dist.] 2006, pet. denied) (op. on reh'g) ("In determining the nature of a filing, we look to the substance of [the] document, not merely its title."). In this pleading, Round also denied all of Windsor's allegations.

Additionally, on February 24, Windsor filed an "Amended Motion for Continuance on Special Exceptions Filings."

- **February 26, 2014** – Fleming filed a motion to dismiss Windsor's claims against him under the Texas Citizens Participation Act (TCPA), generally known as the Texas anti-SLAPP ("strategic lawsuit against public participation") law. *See* TEX. CIV. PRAC. & REM. CODE ANN. §§ 27.001-.011. Over the next approximately ten months, both

Windsor v. Round, et al. Page 4

Windsor and Fleming then submitted numerous filings related to Fleming's TCPA motion to dismiss.

- **March 5, 2014** – The trial court signed an "Order Granting Non-Party Google Inc.'s Special Exceptions to Plaintiff's First Amended Verified Petition." The order stated, in part, as follows:

> IT IS THEREFORE ORDERED that Google Inc.'s Special Exceptions to Plaintiff's First Amended Verified Petition are SUSTAINED. The Court specifically finds that Google Inc. is not, nor has it ever been, a party to this lawsuit. The Court further finds that Plaintiff does not now have, and never has had, any claims or causes of action pending against Google Inc. in this lawsuit. In addition, the Court hereby strikes from the record any statement to the contrary regarding Google Inc.'s status in this lawsuit.

- **March 10, 2014** – The trial court issued a memorandum ruling, staying all of the proceedings in the case. The memorandum ruling provided:

> **IT IS ORDERED** that effective immediately, all proceedings in the above entitled and numbered lawsuit are hereby *stayed* and remain on hold, including legal deadlines applicable to any party, until such time as the trial court further examines the legal implications and applicability of the Order and vexatious litigant injunction directed against William M. Windsor dated July 15, 2011 and issued by Thomas W. Thrash, Jr., United States District Judge for the Northern District of Georgia . . . .

The memorandum ruling then specifically stated:

> This stay of proceedings applies without prejudice, by way of example only and not by way of any limitation, to – (i) any of Plaintiff's pending motions, requests for hearings, or court dates; (ii) Defendant Sean D. Fleming's Motion to Dismiss; and (iii) the various requests received by the trial court for hearings on special exceptions, other than Google's special exceptions which were previously heard and ruled upon by the court.

- **March 14, 2014** – Windsor filed a "Motion for Hearing on Default Judgment" against each of Joeyisalittlekid, Round, and McDougald, alleging that each

had failed to answer. The motions were dated March 13, 2014 but were not filed until March 14.

- **August 11, 2014** – The trial court signed "Trial Court Order No. 1 and Notice of Hearing." The trial court concluded in its order that it was not permitted to dismiss Windsor's lawsuit outright for his noncompliance with the terms of the vexatious litigant injunction issued by the federal district judge in Georgia. The trial court concluded, however, that it possessed "legal authority within its inherent judicial power to impose various litigation control measures." The trial court's order therefore provided:

> It is Ordered that the stay of proceedings is hereby lifted; however, such Order is *specifically subject to and conditioned upon* [Windsor]'s current and future compliance with all the other Orders contained herein[, which included an "Order Providing for Litigation Control Measures."] The preceding Order shall be referred to as the "Order Lifting Stay of Proceedings."
>
> . . . .
>
> . . . Accordingly, with respect to the mechanics of initially lifting the stay, the trial court finds and rules that the Order Lifting Stay of Proceedings shall become automatically effective on such date as [Windsor] (i) complies with Litigation Control Measures #1, #5, #6, and #7 of the preceding Order Providing for Litigation Control Measures; and (ii) files of record a *Notice of Compliance with Litigation Control Measures #1, #5, #6, and #7* (with file marked courtesy copy being sent directly to the presiding judge).

"Trial Court Order No. 1 and Notice of Hearing" also notified the parties that a hearing for the purpose of establishing a "Preliminary Discovery Control Plan & Scheduling Order" would be held on September 19, 2014.

- **August 12, 2014** – Windsor filed a "Notice of Compliance with Litigation Control Measures and Motion for Reconsideration." Windsor requested in the pleading that the trial court reconsider its imposition of the litigation control measures but also represented that he had complied with Litigation Control Measures #1, #5, #6, and #7.

Additionally, on August 12, Windsor filed his second amended petition against Joeyisalittlekid, Joeyisalittlekid.blogspot.com, Fleming, Round, McDougald, and the other defendants. In this amended pleading, Windsor asserted that his own residence was now located in Texas. But as in his December 26, 2013 original petition and January 15, 2014 first amended petition, Windsor asserted in this amended petition that Joeyisalittlekid.blogspot.com is an entity whose address is Google's California address and that Round's residence is located in Georgia. Along with the allegations in his January 15, 2014 first amended petition, Windsor then alleged in his second amended petition that the actions of Fleming, Round, McDougald, and the other defendants constituted invasion of privacy by disclosure and business disparagement. Windsor also brought a conversion claim against one of the defendants.

Finally, on August 12, Windsor filed a motion to declare that he is not a public figure or a limited-purpose public figure.

- **August 20, 2014** – McDougald filed a *pro se* motion to dismiss Windsor's claims against her under the TCPA.

- **September 16, 2014** – Windsor filed a "Motion to Strike and Motion for Sanctions Against Defendant Kellie McDougald." Windsor moved to strike McDougald's February 21, 2014 *pro se* original answer and special exceptions to

Windsor's petition and her August 20, 2014 *pro se* TCPA motion to dismiss because McDougald failed to state her address, telephone number, and email address when she signed each document and because Windsor was not properly served with McDougald's TCPA motion to dismiss. Windsor further argued that the trial court should impose an appropriate sanction against McDougald for failing to properly serve him with her TCPA motion to dismiss.

Additionally, on September 16, Windsor filed a motion to compel discovery from McDougald that he had served on her on August 12, 2014. In the same filing, Windsor again requested that the trial court sanction McDougald.

- **September 17, 2014 –** Fleming filed a response to Windsor's August 12, 2014 motion to declare that he is not a public figure or a limited-purpose public figure.

- **September 19, 2014 –** Windsor filed a "Second Amended Motion for Continuance on Special Exceptions Filings." Along with requesting "a continuance on any hearings on special exceptions until needed discovery [could] be obtained," as Windsor requested in his February 5, 2014 "Motion for Continuance on Special Exceptions Filings" and his February 24, 2014 "Amended Motion for Continuance on Special Exceptions Filings," Windsor stated in this second amended motion that he needed "a continuance on special exceptions and TCPA motions" because personal jurisdiction issues and motions to strike needed to be heard and resolved first.

Additionally, on September 19, Windsor filed a "Motion to Deem Non-Texas Defendants Have Waived Any Challenges to Personal Jurisdiction Due to Failure to Comply with Rule 120a." Windsor acknowledged in this motion that Round had made

a special appearance in this case and that Round is not a Texas resident. Windsor argued, however, that Round had waived any challenge to personal jurisdiction because he had failed to comply with Rule of Civil Procedure 120a in that his initial appearance was not made by sworn motion. *See* TEX. R. CIV. P. 120a.

Finally, on September 19, the trial court held the hearing that it had notified the parties of in its August 11, 2014 "Trial Court Order No. 1 and Notice of Hearing." At the outset of the hearing, Fleming's counsel stated that his "primary concern" was to set Fleming's TCPA motion to dismiss for a hearing. Round's counsel then noted that Round had filed a similar motion but that he had also filed a special appearance that needed to be heard before the TCPA motions to dismiss. The trial court agreed, which led to the following exchange:

> THE COURT: We will need to handle any special appearances first.
>
> MR. WINDSOR: Your Honor, as to special appearance, 120(a) [*sic*] requires that they all be under oath, under a sworn motion. They weren't. I filed a motion - - an amended motion this morning saying that - -
>
> THE COURT: I understand. That may be the argument that you present at the hearing.
>
> MR. WINDSOR: Right.
>
> THE COURT: But we need to have a special hearing for the special appearance and that will come first in line. Then we'll proceed to any Chapter 27 [TCPA] Motion to Dismiss.

The hearing on Round's special appearance was eventually set for October 28, 2014. The trial court also gave the parties notice that the TCPA motions to dismiss would be heard the same day. The trial court stated:

I'm giving you notice now that we are going to hear the Chapter 27 motions on October 28, 2014, at 1:30 p.m. At the time we begin the hearing I will be open to the request to consider whether or not I will allow any discovery. If I allow discovery, we will, perhaps, adjourn certain or all of the motions. We'll allow the discovery to take place. Then we'll resume. If I don't allow the discovery to take place, then we will hear the motions on the merits.

- **October 2, 2014** – Windsor filed a motion to compel discovery from McDougald that he had served on her on August 19, 2014. In the same filing, Windsor requested that the trial court also sanction McDougald. Additionally, on October 2, Windsor filed a "Motion for Continuance and Discovery on [the] Special Appearances" of the defendants who are non-Texas residents, including Round.

- **October 6, 2014** – Round filed a sworn special appearance and, subject thereto, first amended answer and special exceptions.

- **October 23, 2014** – Subject to his special appearance, Round filed his response to Windsor's October 2, 2014 "Motion for Continuance and Discovery on [the] Special Appearances" of the defendants who are non-Texas residents, including Round.

- **October 24, 2014** – Subject to his special appearance, Round filed a combined "Motion to Join Sean D. Fleming's [September 17, 2014] Response to Plaintiff's [August 12, 2014] 'Motion to Declare that the Plaintiff Is Not a Public Figure or a Limited-Purpose Public Figure'" and "Response to Plaintiff's [August 12, 2014] 'Motion to Declare that the Plaintiff Is Not a Public Figure or a Limited-Purpose Public Figure.'"

- **October 28, 2014** – Windsor filed his third amended petition against Joeyisalittlekid, Joeyisalittlekid.blogspot.com, Fleming, Round, McDougald, and the other defendants. As in his August 12, 2014 second amended petition, Windsor asserted

in this amended petition that his own residence was located in Texas. Furthermore, as in all of his previous petitions, Windsor asserted in this amended petition that Joeyisalittlekid.blogspot.com is an entity whose address is Google's California address and that Round's residence is located in Georgia. Along with the allegations in his August 12, 2014 second amended petition, Windsor then alleged in his third amended petition that the actions of Fleming, Round, McDougald, and the other defendants constituted intentional infliction of emotional distress through online impersonation.

Additionally, on October 28, the trial court then held the scheduled hearing on Round's special appearance. After considering it, the trial court eventually made the following ruling:

> In Cause Number 88611, William Windsor versus Sam Round, et al, the trial court hereby grants Sam Round's Special Appearance.
>
> Based upon the pleadings and the Special Appearance evidence available to the trial court, the trial court finds that Plaintiff Mr. Windsor has not presented or proved a prima facie case on the questions of jurisdiction. Jurisdiction against Sam Round will be in his resident state of Georgia.
>
> Further, with respect to any request for continuance on the part of Mr. Windsor for purposes of discovery, that motion is respectfully denied.
>
> The trial court finds that based upon the nature, scope and the extent of the various discovery motions on file by Mr. Windsor that with respect to the evidence and information sought by these motions, that if any such discovery were engaged in, that the results of such discovery will not produce evidence supporting sufficient jurisdictional facts to allow the State of Texas to have jurisdiction over Sam Round.

The trial court then additionally stated:

> THE COURT: . . . .

Windsor v. Round, et al. Page 11

With respect to the trial court's ruling, does either side need any further supplementation, clarification, or any additional findings?

Mr. Windsor?

MR. WINDSOR: No, Your Honor.

[Round's Counsel]: No, Your Honor.

THE COURT: To be clear, when I indicated that Sam Round's Special Appearance Motion was granted, it's granted in its entirety without limitation, trial court finds persuasive the pleading and the legal arguments contained within the document presented by [Round's counsel] along with his associate counsel.

Further, the trial court places strong degree of emphasis on the sworn Affidavit of Sam Round as set forth on Pages 1 and 2 of his Affidavit which is attached to and is incorporated as part of the Special Appearance pleading.

Finally, as scheduled for that day, the trial court also discussed at the hearing Fleming's TCPA motion to dismiss and whether to allow any discovery relevant to the motion. The trial court decided that it wanted both Windsor and Fleming to have an opportunity to engage in discovery relevant to the motion. The trial court therefore scheduled a hearing on Windsor's motion to declare that he is not a public figure or limited-purpose public figure for November 6, 2014. The trial court stated that after it ruled on that date, it would determine the scope of discovery to allow with regard to Fleming's TCPA motion to dismiss. The trial court then scheduled the hearing on Fleming's TCPA motion to dismiss for November 20, 2014.

- **October 30, 2014** – Windsor filed an emergency motion for stay. Windsor stated in the motion that he had been "incarcerated at the Ellis County Jail following the October 28, 2014 hearing" in relation to a legal matter in Montana. Windsor therefore

requested that the trial court stay the proceedings until at least forty-eight hours following his release from jail.

- **November 6, 2014** – The trial court held the next scheduled hearing in the case. The trial court began by addressing Windsor's emergency motion for stay. After discussing the motion extensively with the parties, the trial court stated that it did not "see how [Windsor was] prejudiced by this matter." The trial court informed Windsor that he was free to use anything in the three boxes of records from the case at any time that he wanted during the hearing. The trial court also made sure that Windsor received his own copy of each of the filings that were directly relevant to the subject of the hearing. Finally, the trial court recessed the hearing "for a few minutes" to give Windsor "an opportunity to review these documents" before continuing.

After the recess, the trial court began the portion of the hearing on Windsor's motion to declare that he is not a public figure or limited-purpose public figure. Windsor testified at the hearing, and several exhibits were admitted into evidence. The trial court then stated as follows:

> The Trial Court's ruling in Cause Number 88611, William M. Windsor as plaintiff versus joeyisalittlekid.blogspot.com, et al is as follows. Trial Court finds that William Windsor is not an all purpose public figure. Further, the Trial Court finds at a minimum that William Windsor is an on-line internet and social media crusader against judicial and governmental corruption and the leader of the revolutionary party. Trial Court finds that William Windsor is a limited purpose public figure in those areas.

After making the foregoing ruling, the trial court then outlined how discovery would proceed with respect to Fleming's TCPA motion to dismiss.

- **November 10, 2014** – Windsor filed a "Motion for Reconsideration of Special Appearance Order Regarding Sam Round." The motion was dated October 30, 2014 even though it was not filed until November 10. In the motion, Windsor urged the trial court to reconsider the facts and arguments, to vacate the order granting Round's special appearance, to grant Windsor discovery, and to ultimately deny Round's special appearance. Windsor also asserted in the motion that the trial court did not consider his motion for default against Round.

- **November 12, 2014** – Windsor filed a second emergency motion for stay. The motion was dated November 7, 2014 even though it was not filed until November 12. In the motion, Windsor again requested that the trial court stay the proceedings because of the difficulties that he was encountering in representing himself while in jail.

- **November 13, 2014** – Windsor filed a third emergency motion for stay. The motion was dated November 10, 2014 even though it was not filed until November 13. In the motion, Windsor incorporated his first two emergency motions for stay; explained that, because of his circumstances, he "ha[d] not been allowed" to meet the deadline that the trial court had set to submit discovery to Fleming; and requested that the trial court stay the proceedings until the problems he was experiencing were resolved.

  Additionally, on November 13, Windsor filed a "Notice of Appeal of Order Regarding Motion to Dismiss of Defendant Sean D. Fleming."

- **November 14, 2014** – Windsor filed an affidavit "regarding non-Texas defendants," including Round.

- **November 17, 2014** – Windsor filed a "Notice of Appeal of Order Granting Special Appearance of Sam Round." Thereafter, the appeal from the order granting Round's special appearance was docketed in this Court as No. 10-14-00355-CV.

- **November 19, 2014** – Windsor filed another motion for stay, again requesting that the trial court stay the proceedings because of the difficulties that he was encountering in representing himself while in jail.

- **November 20, 2014** – The trial court held the scheduled hearing on Fleming's TCPA motion to dismiss. At the outset, the trial court asked whether Windsor had been able to comply with the discovery order that had been outlined during the November 6, 2014 hearing. Windsor replied that he had not. The trial court then asked Fleming's counsel what her experience had been with regard to the discovery, and Fleming's counsel replied, "I never received any discovery from Mr. Windsor, and I never received any responses to my discovery." The trial court nevertheless continued with the hearing on Fleming's TCPA motion to dismiss. At the conclusion of the hearing, the trial court decided to delay its ruling so that it could review everything that the parties had filed.

- **November 24, 2014** – The trial court signed an "Order Granting Defendant Sam Round's Special Appearance." The order stated that "the special appearance of Defendant Sam Round is sustained, and that all claims of Plaintiff William M. Windsor against Sam Round are dismissed with prejudice."

- **November 28, 2014** – The trial court sent a letter to Windsor and Fleming, stating that such correspondence constituted the trial court's "*memorandum ruling*" in

connection with Fleming's TCPA motion to dismiss.  The letter notified Windsor and Fleming that "the trial court hereby *grants* the Motion to Dismiss."

Additionally, the letter provided that the correspondence would serve as the "*notice of hearing*" for certain legal matters.  The letter stated that the trial court would conduct a hearing on December 8, 2014, to enter the dismissal order and to review all evidence in support of the relief described in Civil Practice and Remedies Code section 27.009, along with legal analysis and arguments from both sides.  *See* TEX. CIV. PRAC. & REM. CODE ANN. § 27.009.

- **December 3, 2014** – Windsor filed a notice of appeal from the trial court's November 28, 2014 memorandum ruling.  Thereafter, the appeal from the order granting Fleming's TCPA motion to dismiss was docketed in this Court as a separate appeal from the appeal from the order granting Round's special appearance.  *See Windsor v. Round*, 532 S.W.3d 825 (Tex. App.—Waco 2014, order) (per curiam).  The appeal from the order granting Fleming's TCPA motion to dismiss was docketed as No. 10-14-00392-CV.

Additionally, on December 3, Windsor filed a motion for continuance of the hearing scheduled for December 8, 2014 and a motion for stay of all proceedings related to Fleming until Windsor had "pursue[d] all available appellate relief."

- **December 8, 2014** – Windsor filed a motion to recuse the Honorable Bob Carroll from presiding over the case.

- **December 16, 2014** – McDougald filed a "First Amended Original Answer, Special Exceptions, Affirmative Defenses and Designation of Lead Counsel." McDougald continued to deny all of Windsor's allegations.

- **December 17, 2014** – The Honorable Judge Carroll signed a voluntary recusal order in the interest of judicial economy. Based on the voluntary recusal, the Presiding Judge of the First Administrative Judicial Region transferred the case to the 378th District Court of Ellis County and assigned the Honorable Gene Knize to preside over the case.

- **December 18, 2014** – The trial court, *i.e.*, the Honorable Judge Knize, began conducting another hearing in the case. At the outset, Judge Knize informed the parties that he had been assigned to preside over the case and that each side had the right to challenge an assigned judge. Judge Knize then inquired, "So does either side wish to challenge the judge that's been assigned to hear this case, which is me?" Windsor replied, "Yes. Your Honor, I do." At that point, in an order of assignment, the Honorable Richard Davis was assigned to preside over the case by the Presiding Judge of the First Administrative Judicial Region.

While the Honorable Judge Davis was traveling to the courthouse, Windsor filed a motion for continuance of the hearing being held that day and a notice of removal stating that he removed this case to the United States District Court of South Dakota. Once Judge Davis arrived to continue conducting the hearing, Windsor informed the trial court of his filings and then stated, "I don't believe you have jurisdiction at this point." Windsor further asserted that if the notice of removal did not deny the trial court jurisdiction, then the trial court should "stay the case and continue it." The trial court ultimately ruled: "Court feels that the Court does have jurisdiction at this time, and we'll

continue with the hearing today. Motion for Stay is denied at this point. The Court does recognize the timeframes that we're dealing with. At this time you may proceed."

The trial court continued with the hearing on Fleming's motion for entry of order and assessment of attorney's fees, court costs, and sanctions. Later that day, the trial court then signed an "Order Granting Defendant Sean D. Fleming's Anti-SLAPP Motion to Dismiss and Judgment Awarding Costs, Expenses, Attorney's Fees and Sanctions in Favor of Sean Fleming Against William Windsor."

- **December 19, 2014** – Windsor was released from the Ellis County Jail. *See Ex parte Windsor*, No. 10-14-00401-CR, 2016 WL 192303, at *4-5 (Tex. App.—Waco Jan. 14, 2016, pet. ref'd) (mem. op., not designated for publication).

- **December 29, 2014** – McDougald filed a "Motion for Protective Order and Motion to Strike Deemed Admissions."

- **January 8, 2015** – Because the case had recently been transferred, the trial court (the Honorable Joe F. Grubbs) signed a notice of hearing for January 29, 2015 to (1) determine the status of the suit and the parties; (2) receive evidence of removal of the case to federal court; and (3) review and establish a scheduling order. The trial court also set McDougald's December 29, 2014 "Motion for Protective Order and Motion to Strike Deemed Admissions" for disposition on January 29, 2015.

- **January 12, 2015** – Windsor filed a "Notice of Federal Case Number and Service," stating that this matter had been removed to federal court in South Dakota and that the notice of removal had been served on all defendants. Windsor also filed a "Notice of Filing of Motion to Declare Invalid Any and All Post-Removal Action in Ellis County

Texas," in which Windsor stated that he had filed a "Motion to Declare Invalid Any and All Post-Removal Action in Ellis County Texas" in the United States District Court of South Dakota. Windsor also again filed a notice of appeal from the order granting Fleming's TCPA motion to dismiss.

Additionally, on January 12, McDougald filed a traditional motion for summary judgment and, separately, a "Second Amended Original Answer, Special Exceptions, and Affirmative Defenses." Later that day, the trial court signed an order sustaining McDougald's special exceptions to Windsor's third amended petition. The order stated:

> The Court SUSTAINS Defendant Kellie McDougald's Special Exceptions to Plaintiff William M. Windsor's Third Amended Verified Petition, and Plaintiff is ordered to re-plead their Petition and claims against Defendant Kellie McDougald.
>
> If Plaintiff does not replead and cure the defects in his pleading by February 13, 2015, @ 9 AM[,] the Court will strike each cause of action plead [*sic*] against Defendant Kellie McDougald and enter an order of dismissal as to Defendant Kellie McDougald.

- **January 13, 2015** – McDougald's counsel sent a letter to Windsor via email and first class mail, stating: "Enclosed is a notice from the Court setting a Status Hearing, Scheduling Order Hearing and hearing on Defendant Kellie McDougald's Motion for Protective Order and Motion to Strike Deemed Admissions on **Thursday, January 29, 2015 at 1:30 p.m.** in the 378th District Court, Ellis County, Texas."

- **January 15, 2015** – Fleming filed a motion to sever all claims and causes of action against him. Fleming also filed a "Notice of Oral Hearing," providing notice that the motion to sever was scheduled for an oral hearing on January 29, 2015.

- **January 21, 2015** – McDougald filed a motion for sanctions against Windsor.

- **January 28, 2015** – The United States District Court of South Dakota, Central Division, dismissed Windsor's "case," stating, "The failure of Windsor to meet any of the requirements for removing a case to federal court renders his purported removal of the Ellis County, Texas case a nullity." *Windsor v. Joey Is A Little Kid*, No. 3:14-CV-03020, slip op. at 2 (D.S.D. Jan. 28, 2015) (order dismissing proceeding).

- **January 29, 2015** – The trial court held the scheduled hearing. Windsor did not appear at the hearing. The trial court first heard McDougald's December 29, 2014 "Motion for Protective Order and Motion to Strike Deemed Admissions." After considering the motions, the trial court signed orders granting them.

Fleming's counsel then presented Fleming's motion to sever all claims and causes of action against him. After considering the motion, the trial court signed an order granting Fleming's motion to sever. The order stated: "The Court hereby SEVERS all claims brought by the Plaintiff against Defendant Sean D. Fleming and ORDERS the Clerk of the Court to assign the severed action the separate cause number of **88611-A** styled *William M. Windsor v. Sean D. Fleming . . . .*" The order further provided:

> The Court's prior order signed on December 18, [2014] entitled "Order Granting Defendant Sean D. Fleming's Anti-SLAPP Motion to Dismiss and Judgment Awarding Costs, Expenses, Attorney's Fees, and Sanctions in Favor of Sean Fleming Against William Windsor" dismissing all claims and causes of action asserted by Plaintiff against Defendant, is now FINAL and COLLECTABLE disposing of all claims and causes of action as between Plaintiff and Defendant Sean D. Fleming.

This Court subsequently affirmed the trial court's December 18, 2014 "Order Granting Defendant Sean D. Fleming's Anti-SLAPP Motion to Dismiss and Judgment Awarding Costs, Expenses, Attorney's Fees and Sanctions in Favor of Sean Fleming Against William

Windsor" in *Windsor v. Fleming*, No. 10-14-00392-CV, 2019 WL 3804484 (Tex. App.—Waco Aug. 7, 2019, no pet. h.) (mem. op.).

Finally, during the January 29 hearing, McDougald's counsel requested that the trial court grant a motion "to dismiss the case for want of prosecution for Mr. Windsor's failure to appear at this scheduling or status conference that was noticed by this Court." McDougald's counsel continued, "[Y]our inher[ent] power we believe empowers you to control your docket, control your cases." The trial court responded that it "[was] going to grant the motion dismissing the case for want of prosecution."

- **February 2, 2015** – The trial court signed an "Order Dismissing Case for Want of Prosecution." The order stated:

> On January 29, 2015, came on to be heard the above-styled and numbered cause pursuant to the Court's previous notification to the parties to appear for a "Status Hearing, Scheduling Order Hearing, and Defendant Kellie McDougald's Motion for Protective Order and Motion to Strike Deemed Admissions" on this date. At this time, the Court is of the opinion that the above matter should be dismissed for want of prosecution.
>
> THEREFORE, IT IS ORDERED, ADJUDGED AND DECREED, that this matter is hereby dismissed in its entirety.

- **February 3, 2015** – McDougald's counsel sent a letter to Windsor via email, first class mail, and certified mail, return receipt requested, stating: "This letter shall serve as notice that *Defendant Kellie McDougald's Motion for Sanctions* has been set by the Court for hearing on **Friday, February 13 at 9:00a.m.** in the 378th District Court, Ellis County, Texas."

- **February 12, 2015** – Windsor filed a request for findings of fact and conclusions of law "for each order entered by this Court within the last 20 days and since [December 18]."

Additionally, on February 12, McDougald filed a supplemental brief to her January 21, 2015 motion for sanctions.

- **February 13, 2015** – The trial court held the scheduled hearing on McDougald's January 21, 2015 motion for sanctions against Windsor. Windsor did not appear at the hearing. McDougald nevertheless presented argument and evidence, including her own counsel's affidavit, in support of her motion for sanctions against Windsor. At the conclusion of the hearing, the trial court then stated:

> THE COURT: All right. Based upon the presentation the Court - - and the affidavit the Court does make such findings that the pleadings and motions are abusive, and Respondent is entitled to the relief requested.
>
> [McDougald's Counsel]: Judge, do you have an order that we filed?
>
> THE COURT: Yes. I have the order granting Defendant Kellie McDougald's motion for sanctions - -
>
> [McDougald's Counsel]: Perfect.
>
> THE COURT: - - wherein the Court makes the following findings in support of the sanctions: No. 1, the Court finds that Plaintiff filed and has maintained this lawsuit against Kellie McDougald for an improper purpose including to harass Defendant Kellie McDougald and needlessly increase the cost of litigation in violation of Texas Civil Practice and Remedies Code 10.001, sub-Section 1;.
>
> No. 2, the Court finds that Plaintiff's claims alleged in Plaintiff's third amended petition lack evidentiary support and are unlikely to have evidentiary support after a reasonable opportunity for further investigation and discovery in violation of Texas Civil Practice and Remedies Code 10.001, sub-Section 3;.

No. 3, finally, the Court finds that the sanctions ordered herein are limited to what is sufficient to deter the repetition of Plaintiff's conduct.

It's therefore ordered, adjudged, and decreed that Defendant Kellie McDougald's motion for sanctions against Plaintiff William M. Windsor is hereby granted. The Court hereby awards - - awards the following sanctions to Defendant Kellie McDougald pursuant to Chapter 10 of the Texas Civil Practi[ce] and Remedies Code: No. 1, $14,137.50 in reasonable and necessary attorney's fees in defending this action and $46.44 in costs and expenses.

The trial court signed the "Order Granting Defendant Kellie McDougald's Motion for Sanctions."

- **February 18, 2015** – McDougald filed a "Motion to Strike and in the Alternative, Motion to Ignore Plaintiff William M. Windsor's Request for Findings of Fact and Conclusions of Law."

- **February 19, 2015** – Windsor filed a "Motion for Participation in Hearings by Telephone," a "Motion for Stay," and a "Motion for Reconsideration of Order Dismissing Case for Want of Prosecution." All three of the motions were dated February 10, 2015 even though they were not filed until February 19. In his motion for participation in hearings by telephone, Windsor sought "to participate in hearings by telephone in this matter until the bogus criminal charges against him in Missoula, Montana are dismissed." Windsor explained that he had a "bogus arrest warrant outstanding" and therefore could not "appear in a court hearing at this time, or he will be arrested or detained." Windsor further requested that he be provided "at least 3 weeks' notice due to delay receiving mail forwarded weekly from South Dakota."

Similarly, in his motion for stay, Windsor sought "a stay in this matter until the bogus criminal charges against him in Missoula, Montana are dismissed." Windsor asserted that he had "been in the Montana area of the country dealing with this, and he [could not] return to Texas at this time." In his motion for reconsideration, Windsor then stated that he thought this case had been removed to the United States District Court of South Dakota. Windsor further stated that he did not receive notice of a hearing but that he "could not have returned until the bogus Missoula, Montana charges are dismissed." Windsor nevertheless argued that he "has more than demonstrated his desire to prosecute this case" and that, if he "had known there was a hearing, he would have attended by telephone."

That same day, the trial court signed a "Notice of Hearing," stating that the trial court would hear Windsor's three motions on March 3, 2015.

- **February 25, 2015** – Windsor filed a notice of appeal from the trial court's February 13, 2015 "Order Granting Defendant Kellie McDougald's Motion for Sanctions." Thereafter, the appeal from the order granting McDougald's motion for sanctions was docketed in this Court as a separate appeal from the previous appeals. The appeal from the order granting McDougald's motion for sanctions was docketed as No. 10-15-00069-CV.

- **March 3, 2015** – Windsor filed a notice of change of address to the Ada County Jail in Boise, Idaho. This document was dated February 23, 2015 even though it was not filed until March 3. Additionally, on March 3, Windsor filed a motion for stay. Windsor stated in the motion that he "was currently incarcerated in the Ada County

Idaho Jail on a bench warrant out of Montana." Windsor therefore requested that the trial court stay the proceedings until he had been given "adequate access to the information and legal resources that he need[ed] to handle this case."

Finally, on March 3, the trial court held a hearing on McDougald's February 18, 2015 "Motion to Strike and in the Alternative, Motion to Ignore Plaintiff William M. Windsor's Request for Findings of Fact and Conclusions of Law"; Windsor's February 19, 2015 "Motion for Participation in Hearings by Telephone"; Windsor's February 19, 2015 "Motion for Stay"; and Windsor's February 19, 2015 "Motion for Reconsideration of Order Dismissing Case for Want of Prosecution." Windsor did not appear at the hearing. The trial court stated that it would therefore overrule all three of Windsor's motions. After hearing argument from McDougald's counsel on McDougald's motion, the trial court further stated that it would rule that Windsor's request for findings of fact and conclusions of law is stricken. Later that day, the trial court signed an "Order Granting Defendant Kellie McDougald's Motion to Strike Plaintiff William M. Windsor's Request for Findings of Fact and Conclusions of Law." The order stated that Windsor's "Request for Findings of Fact and Conclusions of Law" is stricken.

- **March 6, 2015 –** The trial court signed orders overruling Windsor's February 19, 2015 "Motion for Participation in Hearings by Telephone"; Windsor's February 19, 2015 "Motion for Stay"; and Windsor's February 19, 2015 "Motion for Reconsideration of Order Dismissing Case for Want of Prosecution."

- **March 9, 2015** – Windsor filed a "Notice of Failure to Provide Findings of Fact and Conclusions of Law." The notice was dated March 2, 2015 even though it was not filed until March 9.

- **March 18, 2015** – Windsor filed a notice of appeal from "all orders issued in this case since the last notice of appeal of all orders was filed." Thereafter, the appeal from the order dismissing this case for want of prosecution was docketed in this Court as a separate appeal from the previous appeals. The appeal from the order dismissing this case for want of prosecution was docketed as No. 10-15-00092-CV.

### No. 10-14-00355-CV

We begin with Windsor's appeal from the trial court's order granting Round's special appearance—No. 10-14-00355-CV. Windsor presents six issues in this appeal. We will address each issue in turn.

*Issue No. 1 in No. 10-14-00355-CV*

In Issue No. 1 in No. 10-14-00355-CV, Windsor contends that he was wrongfully denied discovery on Round's special appearance motion. The denial of a continuance of a special appearance hearing to obtain discovery authorized by Rule of Civil Procedure 120a will not be disturbed absent a showing of a clear abuse of discretion. *BMC Software Belg., N.V. v. Marchand*, 83 S.W.3d 789, 800 (Tex. 2002).

Rule 120a(3) permits the trial court to order a continuance of a special appearance hearing to permit discovery "[s]hould it appear from the affidavits of a party opposing the motion that he cannot for reasons stated present by affidavit facts essential to justify his opposition." TEX. R. CIV. P. 120a(3). The Texas Supreme Court has considered the

materiality and purpose of the discovery sought and whether the party seeking the continuance has exercised due diligence to obtain the discovery sought when deciding whether a trial court abused its discretion in denying a motion for continuance seeking additional time to conduct discovery. *Joe v. Two Thirty Nine Joint Venture*, 145 S.W.3d 150, 161 (Tex. 2004); *Barron v. Vanier*, 190 S.W.3d 841, 847 (Tex. App.—Fort Worth 2006, no pet.). Rule 120a(3) does not authorize postponement of a special appearance hearing to allow a party to obtain discovery before the trial court's ruling on the special appearance that is unnecessary or irrelevant to the establishment of jurisdictional facts. *In re Stern*, 321 S.W.3d 828, 840 (Tex. App.—Houston [1st Dist.] 2010, orig. proceeding).

Here, Windsor filed a motion for continuance, supported by his own affidavit, in which he sought discovery that far exceeded discovery of jurisdictional facts. Instead, most of the discovery sought by Windsor was information to support a finding of liability against Round and the other defendants. Furthermore, *after* Windsor filed his motion for continuance, Round filed an affidavit that addressed some of the discovery that Windsor stated that he was seeking. For instance, Round specifically stated in his affidavit, "I have never directed any statements to Texas residents. I did not establish any channels of regular communication with Texas residents." A continuance of the special appearance hearing to conduct discovery of those things therefore became unnecessary. For these reasons, we conclude that the trial court did not abuse its discretion in denying Windsor's motion for continuance to obtain discovery on Round's special appearance. Issue No. 1 in No. 10-14-00355-CV is overruled.

*Issue No. 2 in No. 10-14-00355-CV*

In Issue No. 2 in No. 10-14-00355-CV, Windsor contends that Round's special appearance was erroneously granted. This issue, however, is inadequately briefed.[1]

The rules of appellate procedure require that an appellant's brief "must contain a clear and concise argument for the contentions made, with appropriate citations to authorities and to the record." TEX. R. APP. P. 38.1(i). This requirement is not satisfied by merely uttering brief conclusory statements, unsupported by legal citations. *Martinez v. El Paso Cty.*, 218 S.W.3d 841, 844 (Tex. App.—El Paso 2007, pet. struck). An appellate court has no duty to perform an independent review of the record and applicable law to determine whether the error complained of occurred. *Strange v. Cont'l Cas. Co.*, 126 S.W.3d 676, 678 (Tex. App.—Dallas 2004, pet. denied).

Windsor's argument in this issue is conclusory. The only legal authority to which Windsor cites is Rule 120a(3). Furthermore, Windsor simply states generally that the trial court "ignored the overwhelming sworn testimony" and therefore "ignored" the "statutory requirement." Issue No. 2 in No. 10-14-00355-CV is thus overruled as inadequately briefed.

---

[1] Windsor has twice had the opportunity to amend his appellant's brief to cure any deficiencies. In a July 16, 2015 order, this Court struck Windsor's initial appellant's brief because it was prematurely filed. It was filed before the appellate record was filed and thus lacked the required citations to record references. Windsor filed a second appellant's brief on September 22, 2015. But it too lacked the required citations to record references; therefore, in an August 3, 2016 order, this Court struck Windsor's September 22, 2015 appellant's brief. This Court nevertheless granted Windsor's motion to file an amended appellant's brief. This Court's order specifically notified Windsor that his amended appellant's brief shall substantially comply with Rule of Appellate Procedure 38.1 and must include appropriate citations to the record. Windsor thereafter filed his current appellant's brief on August 25, 2016; however, this issue is still inadequately briefed and will be overruled as such.

*Issue No. 3 in No. 10-14-00355-CV*

In Issue No. 3 in No. 10-14-00355-CV, Windsor contends that his "March 13, 2014 Motion for Default" against Round for failure to answer[2] was wrongfully ignored by the trial court. Round, however, had filed an answer on February 24, 2014. Thus, even if the trial court had considered Windsor's motion, the motion would have been denied. *See* TEX. R. CIV. P. 239; *Davis v. Jefferies*, 764 S.W.2d 559, 560 (Tex. 1989) (per curiam) ("A default judgment may not be rendered after the defendant has filed an answer."); *Dowell Schlumberger, Inc. v. Jackson*, 730 S.W.2d 818, 819-20 (Tex. App.—El Paso 1987, writ ref'd n.r.e.). Issue No. 3 in No. 10-14-00355-CV is overruled.

*Issue No. 4 in No. 10-14-00355-CV*
*Issue No. 5 in No. 10-14-00355-CV*

In Issue No. 4 in No. 10-14-00355-CV, Windsor contends that his February 5, 2014 "Motion for Continuance on Special Exceptions Filings" and February 24, 2014 "Amended Motion for Continuance on Special Exceptions Filings" were wrongfully ignored by the trial court. Similarly, in Issue No. 5 in No. 10-14-00355-CV, Windsor contends that his September 19, 2014 "Second Amended Motion for Continuance on Special Exceptions Filings" and September 19, 2014 "Motion to Deem Non-Texas Defendants Have Waived Any Challenges to Personal Jurisdiction Due to Failure to Comply with Rule 120a" were wrongfully ignored by the trial court.

---

[2] Windsor's "Motion for Hearing on Default Judgment Against Sam Round," alleging that Round had failed to answer, was dated March 13, 2014, but the motion was filed on March 14, 2014.

The record, however, does not show that Windsor presented any of these motions to the trial court, that the trial court refused to rule on them, and that Windsor then objected to the trial court's refusal to rule. Accordingly, Windsor has failed to preserve for appellate review his complaints that the trial court wrongfully ignored these motions. *See* TEX. R. APP. P. 33.1(a)(2) ("As a prerequisite to presenting a complaint for appellate review, the record must show that . . . (2) the trial court: (A) ruled on the request, objection, or motion, either expressly or implicitly; or (B) refused to rule on the request, objection, or motion, and the complaining party objected to the refusal."). Issues No. 4 and No. 5 in No. 10-14-00355-CV are overruled.

### *Issue No. 6 in No. 10-14-00355-CV*

In Issue No. 6 in No. 10-14-00355-CV, Windsor contends that the Honorable Judge Carroll's recusal for prejudice mandates reversal of the order granting Round's special appearance. But Judge Carroll was not recused for any bias or prejudice. Instead, on December 17, 2014, Judge Carroll signed a *voluntary* recusal order in the interest of judicial economy. Issue No. 6 in No. 10-14-00355-CV is therefore overruled.

### No. 10-15-00069-CV and No. 10-15-00092-CV

We now turn to Windsor's appeal from the trial court's order granting McDougald's motion for sanctions—No. 10-15-00069-CV—and Windsor's appeal from the trial court's order dismissing the underlying case for want of prosecution—No. 10-15-00092-CV. Windsor presents six issues in No. 10-15-00069-CV and five issues in No. 10-15-00092-CV.

*Issue No. 1 in No. 10-15-00069-CV*
*Issue No. 1 in No. 10-15-00092-CV*

In Issue No. 1 in both No. 10-15-00069-CV and No. 10-15-00092-CV, Windsor contends that the trial court lacked jurisdiction to sign any of the orders that it signed in 2015 because Windsor had removed the case to federal court on December 18, 2014. *See* 28 U.S.C. § 1446(d). We conclude, however, that, because Windsor's purported removal was a nullity, *see Windsor v. Joey Is A Little Kid*, No. 3:14-CV-03020, slip op. at 2 (D.S.D. Jan. 28, 2015) (order dismissing proceeding), it did not deprive the trial court of jurisdiction to sign the 2015 orders. *See Parrish v. State*, 485 S.W.3d 86, 89-90 (Tex. App.—Houston [14th Dist.] 2015, pet. ref'd). Issue No. 1 in No. 10-15-00069-CV and Issue No. 1 in No. 10-15-00092-CV are therefore overruled.

*Issue No. 2 in No. 10-15-00069-CV*
*Issue No. 2 in No. 10-15-00092-CV*

In Issue No. 2 in both No. 10-15-00069-CV and No. 10-15-00092-CV, Windsor contends that the trial court erred by continuing to issue orders, particularly the trial court's February 13, 2015 order granting McDougald's motion for sanctions, following the dismissal of the case without first reinstating the case. We disagree. A trial court may grant a motion for sanctions during its plenary power after dismissing a case for want of prosecution. *In re A.T.R.*, No. 05-16-00574-CV, 2017 WL 2889043, at *2-3 (Tex. App.—Dallas Jul. 7, 2017, no pet.) (mem. op.) (relying on *Scott & White Mem'l Hosp. v. Schexnider*, 940 S.W.2d 594 (Tex. 1996) (per curiam)). Here, the trial court signed the order granting McDougald's motion for sanctions well within the trial court's plenary power. *See* TEX.

R. CIV. P. 329b.  Issue No. 2 in No. 10-15-00069-CV and Issue No. 2 in No. 10-15-00092-CV are therefore overruled.

### Issue No. 3 in No. 10-15-00069-CV

In Issue No. 3 in No. 10-15-00069-CV, Windsor contends that the trial court erred in granting McDougald's motion for sanctions and that the order is void.

Windsor first argues again in this issue that (1) the trial court lacked jurisdiction to grant McDougald's motion for sanctions because Windsor had removed the case to federal court on December 18, 2014 and (2) the trial court erred in granting McDougald's motion for sanctions following the dismissal of the case.  We, however, have already addressed and overruled these arguments above.

Windsor next argues in this issue that the trial court erred in granting McDougald's motion for sanctions because there was insufficient evidence to support the award of sanctions.  We disagree.

> Chapter 10 of the Civil Practice and Remedies Code permits sanctions for pleadings that are filed for an improper purpose or that lack legal or factual support.  *Nath v. Tex. Children's Hosp.*, 446 S.W.3d 355, 362 (Tex. 2014).  Pleaded claims must be warranted by existing law or a non-frivolous argument to change existing law.  TEX. CIV. PRAC. & REM. CODE [ANN.] § 10.001(2).  Each factual contention must have or be likely to receive evidentiary support after a reasonable opportunity for discovery.  *Id.* § 10.001(3).  Chapter 10 sanction awards are reviewed for an abuse of discretion.  *Low* [*v. Henry*, 221 S.W.3d 609, 614 (Tex. 2007)].

*Pressley v. Casar*, 567 S.W.3d 327, 332-33 (Tex. 2019) (per curiam).

Windsor's primary argument here is that the trial court conducted no evidentiary hearing on McDougald's motion for sanctions.  *See R.M. Dudley Constr. Co. v. Dawson*, 258 S.W.3d 694, 709-10 (Tex. App.—Waco 2008, pet. denied) ("A trial court must hold an

evidentiary hearing to make the necessary factual determinations about the party's or attorney's motives and credibility."). But Windsor is mistaken. Although Windsor did not attend the hearing, the trial court did conduct an evidentiary hearing on McDougald's motion for sanctions on February 13, 2015. At the hearing, the trial court admitted the affidavit of McDougald's counsel, which stated that Windsor's claims were "groundless and frivolous" and provided evidence of the reasonableness of the attorney's fees that McDougald had incurred in defending Windsor's claims. McDougald also asked the trial court to take "judicial notice of the numerous and voluminous papers that have been filed in this Court," which the trial court did. *See id.* at 710 ("In some circumstances, a trial court may take judicial notice of the case file for purposes of ruling on a sanctions motion."). McDougald then directed the trial court specifically to her own affidavit that she filed in support of her traditional motion for summary judgment.

Windsor conclusorily states in his brief that McDougald's affidavit is "false" and that "[t]here is nothing in the affidavit to support a motion for sanctions." Windsor then asserts that he was denied a reasonable opportunity to respond to McDougald's motion for sanctions because McDougald did not verify the motion or attach an affidavit thereto. In his reply brief, Windsor further complains that he was unable to address McDougald's motion for sanctions because he knew nothing about the motion. Windsor explains that because he was in jail, he was "denied his files, mail, access to a law library, and more."

First, there is no requirement that a motion for sanctions be verified or that a supporting affidavit be attached thereto. *In re K.A.R.*, 171 S.W.3d 705, 713-14 (Tex. App.—

Houston [14th Dist.] 2005, no pet.).  Furthermore, as our sister court stated in *Hosey v. Cty. of Victoria*, 832 S.W.2d 701 (Tex. App.—Corpus Christi 1992, no writ):

> One has a right to represent oneself in civil litigation in Texas courts. However, if one does so, the litigant cannot disregard the rules of procedure that insure due process to all litigants and provide for the orderly administration of justice.  Indeed, one's personal circumstances may prevent his personal appearance in court for hearings or trial in the ordinary course of proceedings.  His inability to attend proceedings and otherwise personally participate in the trial of the case does not require the court to continue the action for the convenience of the litigant.  Whether to continue the case on the docket and pass a setting for trial is within the sound discretion of the trial judge.  Similarly, if a case is called for trial and no appearance is made, the action is subject to dismissal.  Circumstances, such as imprisonment, may make it impossible for a litigant to represent himself.  When that is so, counsel is required, at the peril of losing the opportunity, to litigate the grievance.

*Id.* at 705.  The record here establishes that Windsor was served a copy of McDougald's motion for sanctions and sent notice of the hearing on the motion.  For these reasons, we conclude that there was sufficient evidence to support the award of sanctions.

Windsor finally argues in this issue that the trial court's order granting McDougald's motion for sanctions failed to adequately describe the conduct that the trial court claimed was committed with sufficient particularity.  However, this complaint has not been preserved for appellate review.  *See* TEX. R. APP. P. 33.1(a); *Connell Chevrolet Co. v. Leak*, 967 S.W.2d 888, 895 (Tex. App.—Austin 1998, no pet.) (finding that appellant failed to preserve his appellate issue regarding lack of particularity in sanctions order because he failed to object at trial to lack of particularity).

We therefore conclude that the trial court did not abuse its discretion in granting McDougald's motion for sanctions and that the order is not void. Issue No. 3 in No. 10-15-00069-CV is overruled.

***Issue No. 4 in No. 10-15-00069-CV***
***Issue No. 4 in No. 10-15-00092-CV***

In Issue No. 4 in both No. 10-15-00069-CV and No. 10-15-00092-CV, Windsor contends that the trial court denied his constitutional rights and due process. McDougald responds that Windsor failed to preserve these issues for appellate review because Windsor failed to raise them in the trial court.

"As a rule, a claim, including a constitutional claim, must have been asserted in the trial court in order to be raised on appeal." *Dreyer v. Greene*, 871 S.W.2d 697, 698 (Tex. 1993). Even due process arguments must be presented to the trial court. *See In re L.M.I.*, 119 S.W.3d 707, 711 (Tex. 2003); *McCain v. NME Hosps., Inc.*, 856 S.W.2d 751, 755 (Tex. App.—Dallas 1993, no writ).

In his reply brief, Windsor acknowledges that he did not raise these issues in the trial court. He argues, however, that he had no opportunity to raise such claims until he filed his appeals. Windsor argues that his complaints were about notice.

But Windsor could have preserved his notice complaints in a post-judgment motion. *See In re K.C.*, No. 2-08-023-CV, 2008 WL 4180335, at *1 (Tex. App.—Fort Worth Sept. 11, 2008, no pet.) (mem. op.). Windsor, in fact, did state in his February 19, 2015 "Motion for Reconsideration of Order Dismissing Case for Want of Prosecution" that he did not receive notice of a hearing. Windsor then continued, however, that even if he had

received notice of a hearing, he "could not have returned [to Texas] until the bogus Missoula, Montana charges are dismissed." Moreover, even if Windsor's notice complaints were preserved for appellate review, the record here establishes that Windsor was sent notice of each of the hearings in this case. Issue No. 4 in No. 10-15-00069-CV and Issue No. 4 in No. 10-15-00092-CV are therefore overruled.

> *Issue No. 5 in No. 10-15-00069-CV*
> *Issue No. 3 in No. 10-15-00092-CV*

In Issue No. 5 in No. 10-15-00069-CV and Issue No. 3 in No. 10-15-00092-CV, Windsor contends that the trial court abused its discretion in dismissing the underlying case for want of prosecution. More specifically, Windsor argues that the trial court failed to give him notice of any plan to dismiss his case for want of prosecution. But Windsor has failed to preserve this complaint for appellate review by raising it in the trial court. *See* TEX. R. APP. P. 33.1(a); *K.C.*, 2008 WL 4180335, at *1.

As stated above, Windsor did state in his February 19, 2015 "Motion for Reconsideration of Order Dismissing Case for Want of Prosecution" that he did not receive notice of a hearing. But to preserve a complaint for appeal, the complaint raised on appeal must be the same as the complaint presented to the trial court. *In re E.A.C.*, 162 S.W.3d 438, 445 (Tex. App.—Dallas 2005, no pet.). A party may not enlarge a complaint on appeal to include an objection not asserted at trial. *Id.* Here, although Windsor could have presented in his post-judgment motion his complaint that the trial court failed to give him notice of any plan to dismiss his case for want of prosecution, Windsor did not.

Windsor also argues in this issue that the trial court abused its discretion in determining that he did not prosecute the case with due diligence. But Windsor failed to appear at hearings. And, as explained above, although one has the right to represent oneself in civil litigation in Texas courts, "[t]he inability to attend proceedings and otherwise personally participate in the trial of the case does not require the court to continue the action for the convenience of the litigant." *Hosey*, 832 S.W.2d at 705. Accordingly, Issue No. 5 in No. 10-15-00069-CV and Issue No. 3 in No. 10-15-00092-CV are overruled.

***Issue No. 6 in No. 10-15-00069-CV***
***Issue No. 5 in No. 10-15-00092-CV***

In Issue No. 6 in No. 10-15-00069-CV and Issue No. 5 in No. 10-15-00092-CV, Windsor contends that he is a victim of judicial corruption. Windsor's briefing of this issue, however, merely includes allegations and presents nothing to review. This issue also contains no citations to any legal authorities. We therefore overrule Issue No. 6 in No. 10-15-00069-CV and Issue No. 5 in No. 10-15-00092-CV as inadequately briefed. *See* TEX. R. APP. P. 38.1(i); *Martinez*, 218 S.W.3d at 844.

***Pending Motions in No. 10-15-00092-CV***

McDougald's "Motion to Dismiss for Lack of Jurisdiction," filed in this Court on December 15, 2016, is denied. Windsor's "Motion for Extension of Time to File Notice of Appeal," filed in this Court on December 27, 2016, is dismissed as moot.

## Conclusion

In No. 10-14-00355-CV, the trial court's "Order Granting Defendant Sam Round's Special Appearance," signed on November 24, 2014, is affirmed. In No. 10-15-00069-CV, the trial court's "Order Granting Defendant Kellie McDougald's Motion for Sanctions," signed on February 13, 2015, is affirmed. In No. 10-15-00092-CV, the trial court's "Order Dismissing Case for Want of Prosecution," signed on February 2, 2015, is affirmed.

REX D. DAVIS
Justice

Before Chief Justice Gray,
      Justice Davis, and
      Justice Neill
      (Chief Justice Gray concurring with opinion)
      (Justice Neill concurring without opinion)
Affirmed
Opinion delivered and filed August 28, 2019
[CV06]

